Dewey, J.
In the view which we have taken of this case, it has become unnecessary to consider particularly the question, as to the original liability of the plaintiff to pay these bills of exchange in the specific coin named in the bills, or, in case of payment in American gold or silver coin, to pay a further sum equivalent to the premium, which Spanish dollars then bore in the market; as the plaintiff, by his voluntary payment of such premium, has thereby precluded himself from questioning his liability to pay the same.
The principle of law is a very familiar and a very salutary one, that where a person, with full knowledge of all the eircum *118 stances, pays money voluntarily, under a claim of right, he shall not afterwards recover back the money so paid. To avoid the application of the rule in the present case, it must appear, that the plaintiff was compelled by duress of his person or goods to pay the same. In general, the cases that have been treated as exceptions are cases where the possession of the property, upon which the lien was claimed, was already in the party demanding the money, or cases in which the party had no other means to save himself from imprisonment, or his property from sale on execution or warrant of distress, but by paying the money demanded. Many cases bearing upon this point will be found cited and commented upon in the cases of Preston v. Boston, 12 Pick. 7, and Boston & Sandwich Glass Co. v. Boston, 4 Met. 181.
The present case, looking at the facts agreed, seems to present nothing beyond the ordinary case of a voluntary payment of money to avoid a law suit. The party demanding the money had not the actual possession of the vessel, which was the subject of the bottomry bond, and could not proceed forthwith to levy upon the same, by means of any process in the nature of an execution or warrant of distress.
The proceeding against the vessel, although a proceeding in rem, and authorizing a sequestration of the vessel, was yet one easily discharged, and which the present plaintiff had it in his power to have at once discharged, by making a deposit of money, or giving proper security to pay such demand and all costs, if the same should be duly established before the proper tribunal. A threatened lawsuit is not that species of duress, which will authorize the party to recover back money voluntarily paid on an illegal claim. Brown v. McKinally, 1 Esp. R. 279. We perceive nothing in the present case to distinguish it from the ordinary case of a payment of a controverted demand. The mere declaration of the party making the payment, that he does it under coercion, and with denial of the right of the other party to recover the same, will not avail. If he. has a good defence to the claim, he should resist it in the outset. If he does not, he waives his right to litigate the matter further. Judgment for the defendant.